# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-1807V**
(not to be published)

| | |
|---|---|
| RONALD DEAN CUMMINGS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: February 13, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Travel Time |

*Temple Witt Cabell, Cabell Law Firm, P.C., Richmond, VA, for Petitioner.*

*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 17, 2017, Ronald Dean Cummings filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as a result of his September 23, 2016 influenza vaccine. (Petition at 1). On September 27, 2019, a decision was issued by then-Chief Special Master Dorsey awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 44).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated January 17, 2020, (ECF No. 47), requesting a total award of $45,138.28 (representing $43,680.00 in fees and $1,458.28 in costs). In accordance with General Order #9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (*Id*. at 17). Respondent reacted to the motion on January 30, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 48). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A. Hourly Rates

Petitioner requests the rate of $400 per hour for all time billed by attorney Temple Cabell. The requested rate has been previously awarded to Mr. Cabell. *See Cooke v. Sec'y of Health & Human Servs.,* No. 16-1373V, 2017 WL 9362892 (Fed. Cl. Spec. Mstr. October 19, 2017). I find no reason to reduce the requested rate and award it herein.

B. Paralegal Tasks at Attorney Rates

Mr. Cabell billed multiple entries that are considered paralegal tasks at his full attorney rate. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Examples of these entries include:

- December 15, 2016 (1.0 hrs) "prepare releases and medical authorizations for records";
- June 8, 2017 (0.20 hrs) "correspondence to Dr. Khan and Dr. Cioflec confirming conference dates and fee schedules";
- November 7, 2017 (0.20 hrs) "correspondence to clerk's office requesting copy and sending check for certified copy";
- November 17, 2017 (0.40 hrs) "file petition";
- June 28, 2018 (0.30 hrs) "file motion"; and
- September 20, 2018 (0.20 hrs) "file petition and report."

ECF No. 47 at 10-13.[3]

[3] These are merely examples, and not an exhaustive list.

For the tasks considered paralegal in nature, I reduce Mr. Cabell's rate from $400 per hour to $140 per hour, a rate more in line with that of a paralegal in the Vaccine Program. This reduces the request for attorney fees in the amount of **$2,418.00**.[4]

C. Travel Time

Mr. Cabell billed 12.6 hours for travel to and from his office to meet with Petitioner and 9.8 hours for travel to and from his office for appointments with various physicians.[5] All of these hours were billed at the full rate of $400 per hour. In the Vaccine Program, however, special masters traditionally have compensated for time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Of course, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs*., 91 Fed. Cl. 773, 791 (2010). But "even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

In *Cooke*, Mr. Cabell was denied reimbursement for time billed for travel as unreasonable. *See Cooke,* No. 16-1373V, 2017 WL 9362892, *3. I find the time billed for traveling to the Petitioner's physicians to review and sign affidavits to be excessive and unnecessary. There are multiple options that would be considered more efficient for counsel to provide documents to other parties involved in this matter. Phone calls were also not utilized for meetings with the parties. I find the multiple hours billed for travel to the physicians to be unreasonable and deny reimbursement for those fees. This reduces the request for fees in the amount of **$3,920.00**.[6]

---

[4] This amount consists of $400 - $140 = $260 x 9.3 hrs = $2,418.00.

[5] Mr. Cabell billed time for travel to meet with Petitioner's physician on the following dates; June 21, 2017; July 18, 2017; October 19, 2017; October 24, 2017; October 31, 2017; November 2, 2017 and October 8, 2018. Mr. Cabell billed time for travel to meet with Petitioner on the following dates; May 15, 2017; July 17, 2017; October 23, 2017; November 28, 2017; February 8, 2019; April 23, 2019; August 1, 2019; September 11, 2017 and November 1, 2019.

[6] This amount consists of $400 x 9.8 hrs = $3,920.00.

Regarding the time billed for travel to Petitioner's home, although I find the quantity of time spent traveling to be excessive, I will nevertheless reimburse the time billed at 50%. This reduces the request for attorney fees in the amount of $**2,520.00**.[7] Mr. Cabell should use caution in future and consider other alternatives for delivering documents and multiple in person meetings that include travel for his Vaccine Program cases.

## ATTORNEY COSTS

Petitioner requests $1,458.28 in overall costs. (ECF No. 47 at 15). This amount is comprised of obtaining medical records, mileage and the Court's filing fee. I have reviewed all the requested costs and find the majority of the time to be reasonable. However, as with the time billed for travel to and from Mr. Cabell's office and the physician's offices, I deny the reimbursement of costs for mileage associated with this travel. This reduces the request for costs in the amount of **$231.00**.[8]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby **GRANT IN PART** Petitioner's Motion for attorney's fees and costs. I award a total of **$36,049.28** (representing $34,822.00 in fees and $1,227.28 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[7] This amount consists of $400 - $200 = $200 x 12.6 hrs = $2,520.00.

[8] This amount consists of seven entries at $33.00 each, listed at "travel from the office of [doctor's name] and return travel.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.